IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LISA VOLNER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-1507 |
| | ) | |
| CONVERGYS CUSTOMER | ) | Division: |
| MANAGEMENT GROUP, INC. | ) | |
| D/B/A | ) | |
| CONVERGYS CUSTOMER CARE | ) | |
| MANAGEMENT GROUP INC., | ) | |
| | ) | |
|    Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S PETITION FOR DAMAGES**

COMES NOW, Defendant Convergys Customer Management Group, Inc. improperly plead as Convergys Customer Management Group, Inc. d/b/a Convergys Customer Care Management Group Inc. ("Convergys") by its attorneys, and in response to Plaintiff, Lisa Volner's ("Volner" or "Defendant") Petition for Damages (hereinafter "Complaint")[1], answers as follows:

**Allegations Common to All Counts**

1.  Convergys lacks sufficient information or knowledge as to the current residence of Plaintiff and, therefore, denies the allegations contained in paragraph 1.

2.  Convergys admits only that it is a foreign corporation registered to do business in the State of Missouri and has an office located in Arnold, Jefferson County, Missouri.

---

[1] Convergys removed this matter to the United States District Court, Eastern District of Missouri, Eastern Division and, therefore, Plaintiff's Petition for Damages, in accordance with the Federal Rules of Civil Procedure, is referred to as a Complaint.

3. Convergys states that paragraph 3 contains legal conclusions to which no affirmative response is required but, to the extent a response is required, Convergys admits it employed Plaintiff from February of 2009 through and up to January 5, 2010.

4. Convergys states that paragraph 4 contains legal conclusions to which no affirmative response is required but, to the extent a response is required, Convergys admits it employed Plaintiff from February of 2009 through and up to January 5, 2010.

5. Convergys states that paragraph 5 contains legal conclusions to which no affirmative response is required but, to the extent a response is required, Convergys admits that it transacts business in, and Plaintiff's allegations occurred in, Jefferson County, Missouri.

6. For its answer to paragraph 6, Convergys admits only that Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights on or about March 15, 2010 naming Convergys as a respondent but denies that it has committed any unlawful discrimination or retaliation.

7. Convergys lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 7 and, therefore, they are denied.

8. Convergys states that paragraph 8 contains legal conclusions to which no affirmative response is required but, to the extent a response is required, Convergys lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and, therefore, they are denied.

9. Convergys states that paragraph 9 does not contain any allegations to which an affirmative response is required but, to the extent a response is required, Convergys admits Plaintiff has demanded a jury trial on all claims.

## AS TO COUNT I – AGE DISCRIMINATION

10. Convergys repeats and realleges its responses to the allegations contained in paragraphs 1-9 as if fully set forth at length herein.

11. Convergys admits the allegations contained in paragraph 11.

12. Convergys states that paragraph 12 contains legal conclusions to which no affirmative response is required but, to the extent a response is required, Convergys, upon information and belief, admits Plaintiff was forty-one (41) years of age when she was hired by Convergys.

13. Convergys denies the allegations contained in paragraph 13.

14. Convergys denies the allegations contained in paragraph 14.

15. Convergys denies the allegations contained in paragraph 15.

16. Convergys denies the allegations contained in paragraph 16.

17. Convergys denies the allegations contained in paragraph 17.

18. Convergys denies the allegations contained in paragraph 18.

19. Convergys denies the allegations contained in paragraph 19.

Further answering, Convergys denies Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph following paragraph 19 of Plaintiff's Complaint.

## AS TO COUNT II – UNLAWFUL RETALIATION AGAINST [SIC]

20-29. Convergys states that Plaintiff's Complaint does not contain any paragraphs numbered 20-29 and, therefore, no affirmative response is required.

30. Convergys repeats and realleges its responses to the allegations contained in paragraphs 1-19 as if fully set forth at length herein.

31. Convergys denies the allegations contained in paragraph 31.

32. Convergys denies the allegations contained in paragraph 32.

33. Convergys denies the allegations contained in paragraph 33.

34. Convergys denies the allegations contained in paragraph 34.

35. Convergys denies the allegations contained in paragraph 35.

36. Convergys denies the allegations contained in paragraph 36.

37. Convergys denies the allegations contained in paragraph 37.

Further answering, Convergys denies Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph following paragraph 37 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is barred and precluded from recovery due to her failure to satisfy, exhaust or comply with administrative procedures and/or remedies.

3. Plaintiff's Complaint is barred by the applicable statute of limitations.

4. Plaintiff is estopped by her own conduct to assert the claims in her Complaint.

5. Convergys employed Plaintiff on an at-will basis and, therefore, could terminate or modify the terms and conditions of her employment at any time with or without notice and with or without cause.

6. Any actions taken by Convergys with respect to Plaintiff were taken for legitimate and non-discriminatory reasons.

7. Any actions taken by Convergys with respect to Plaintiff were taken in good faith and based upon reasonable factors other than any protected activity or status, without malice or reckless indifference to Plaintiff's legally protected rights.

8. Even if an impermissible factor was a contributing factor in any of Convergys' alleged decisions, which Convergys denies, Convergys would have taken the same action or actions with respect to Plaintiff even if the impermissible factor had not been considered.

9. Convergys exercised reasonable care to prevent and promptly correct alleged discriminatory conduct in the workplace.

10. Plaintiff failed to act with reasonable care to take advantage of the preventive and corrective opportunities provided by Convergys regarding alleged workplace discrimination and otherwise prevent harm that could have been avoided.

11. Convergys has in place well-publicized and enforced anti-discrimination and anti-retaliation policies, effective complaint procedures and monitoring mechanisms. Convergys timely and thoroughly investigated any and all complaints made by Plaintiff and took appropriate and effective remedial action.

12. Convergys neither knew nor should have known of any discriminatory conduct nor failed to exercise reasonable diligence to prevent unlawful workplace discrimination.

13. Plaintiff's claims are barred to the extent Plaintiff failed to mitigate her damages.

14. Plaintiff's claims are barred under the doctrine of waiver, estoppel, laches, unclean hands and/or res judicata.

15. Plaintiff's right to relief is barred in whole or in part based upon the doctrine of after-acquired evidence.

16. Convergys reserves the right to amend, modify or plead additional affirmative defenses based upon facts or information ascertained through discovery.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant Convergys Customer Management Group Inc. prays this Court enter judgment in favor of

Convergys on Plaintiff's Complaint, award Convergys its costs and expenses incurred herein, and such other and further relief as is just and appropriate in the circumstances.

Respectfully submitted,

**THOMPSON COBURN LLP**

By:  /s/ Laura M. Jordan
    Laura M. Jordan #48755
    Joyce M. Pratt, #57637
    One US Bank Plaza
    St. Louis, Missouri  63101
     (314) 552-6319
    Fax:   (314) 552-7319
    ljordan@thompsoncoburn.com
    jpratt@thompsoncoburn.com

    Attorneys for Defendant
    Convergys Customer Management Group, Inc.

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument in the above-captioned action was served by First Class United States Mail, postage prepaid, this 31st day of August, 2011.

Megan E. Breeze
Attorney for Plaintiff
610 Collins Drive
P.O. Box 99
Festus, Missouri 63028

        /s/ Laura M. Jordan